UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| REYNELL TAYLOR, | CIVIL ACTION NO. 09-1766 |
| BOBBY J. TAYLOR, SR. | |
| VERSUS | JUDGE DOHERTY |
| LOWES HOME CENTERS, INC., | MAGISTRATE JUDGE METHVIN |
| LOWES CO., INC. | |

*MEMORANDUM RULING*
*(Rec. Doc. 6)*

    This matter is before the undersigned on an unopposed Motion to Remand. Attached to the motion is a Stipulation that the amount in controversy does not exceed seventy-five thousand ($75,000) dollars, and that neither party will accept, nor will they be entitled, to any amount in excess of same.[1]  Plaintiffs assert, and the defendant agrees, that based on plaintiffs' stipulation, the amount in controversy is insufficient under 28 U.S.C. §1332, and this court lacks subject matter jurisdiction.

    The jurisdictional amount must be assessed at the time of removal. Gebbia v. Walmart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).  Therefore, a stipulation will be considered only insofar as it sheds light upon the amount in controversy at the time of removal. Allen v. R & H Oil and Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995).  The removal statutes should be strictly construed in favor of remand. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

---

[1] Rec. Doc. 6-2.

2

The plaintiffs' stipulation clarifies that the amount in controversy at the time of removal did not exceed seventy-five thousand ($75,000) dollars, and thus did not meet the jurisdictional minimum pursuant to 28 U.S.C. §1332.  Therefore, remand is appropriate.

November 6, 2009, Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE